# In the United States Court of Federal Claims

No. 24-66
(Filed: May 9, 2024)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * * *   *
                                      *
MELINDA EBSON,                        *
                                      *
                    Plaintiff,        *
                                      *
     v.                               *
                                      *
THE UNITED STATES,                    *
                                      *
                    Defendant.        *
                                      *
* * * * * * * * * * * * * * * * * *   *
```

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

*Pro se* Plaintiff Melinda Ebson filed this case on January 12, 2024. ECF No. 1 at 1. Plaintiff argues that she "submitted a return preparer misconduct (RPM) complaint[,]" that she was asked to provide additional information, that she provided such information, and that her "claim [was] denied due to [the IRS] not receiving the missing information [even though she has] a certified receipt." *Id.* at 2. She asks this Court "to acknowledge that [her] claim was denied incorrectly and reinstate it so that [she] can move forward with [her] initial claim and/or cancel the debt the IRS [states that she owes in the amount of $5,532.29]." *Id.* at 3.

The government moved to dismiss on March 12, 2024, for lack of subject matter jurisdiction. ECF No. 7. Although Plaintiff was obligated to respond to the government's motion on or before April 12, 2024, she neglected to do so. While *pro se* litigants are held to "less stringent standards than . . . lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (internal citations omitted). That burden included responding to the government's motion to dismiss. As Judge Holte has observed, "[w]hen a plaintiff fails to respond to defendant's motions . . . dismissal is not only appropriate but required to properly administer justice." *Stollings v. United States*, No. 22-888, 2022 WL 17333395 at *1 (Fed. Cl. Nov. 30, 2022); *accord Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) ("While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules . . . ." (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986))). Indeed, Rule 41 of the Rules of the United States Court of

Federal Claims ("RCFC") instructs that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion." RCFC 41(b). As Plaintiff failed to respond to the government's motion to dismiss, this Court dismisses the case for her failure to prosecute.

Even if Plaintiff had responded to the government's motion, the claim for relief she stated in her complaint is beyond this Court's jurisdiction. As the government points out in its motion to dismiss, this Court has jurisdiction over tax refund cases only if a plaintiff has fully paid his or her assessed tax liability for the year he or she claims the government owes a refund. ECF No. 7 at 8 (citing *Shore v. United States*, 9 F.3d 1524, 1527 (Fed. Cir. 1993) ("The . . . full payment rule requires that taxpayers prepay the tax principal before the Court of Federal Claims will have subject matter jurisdiction over their tax refund action under § 1491.")). The government asserts that Plaintiff has not done so. *Id.* If Plaintiff disagreed with the government's assertion, the time to do so was on or before April 12, 2024, the date by which she had to respond to the government's motion to dismiss. *Cap Exp., LLC v. Zinus, Inc.*, 722 F. App'x 1004, 1009 (Fed. Cir. 2018) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.") (quoting *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F.Supp.2d 1125, 1132 (C.D. Cal. 2011)). As Plaintiff did not do so, the Court accepts the government's assertion as true, and the Court possesses no jurisdiction to hear Plaintiff's case.

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss. The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers  
Zachary N. Somers  
Judge